UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOAQUIN A. COLONDRES PUIG, et al.,
**Plaintiffs**

v.                                                                                       CIVIL NO. 05-1830(DRD)

CITIGROUP, INC., et als.,
**Defendants**

### ORDER

The instant case was filed sometime during June or July 2005, at the Puerto Rico Court of First Instance, Superior Part of Ponce (Civil No. JAC 2005-0580) and Summons and a copy of the complaint were served on the Defendants on July 14, 2005. On August 2, 2005, the defendants filed in this District Court a Notice of Removal asserting that the State Court was preempted from entertaining such complaint. (Docket No. 1). The defendants sustain that the complaint filed at the State Court may be removed to this Court because the cause of action claimed in the complaint arises under section 502 of ERISA, 29 U.S.C.A. §1132 hence, the case could have been originally filed in a federal court.

From the face of the complaint filed in the State Court, the Court notes that the facts asserted relates to a denial of employees' benefits under a Long Term Disability Plan provided by the employer (Defendant) for the benefit of its employees (Plaintiff). Pursuant to Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987), the Court holds that there is a *prima facie* showing of federal jurisdiction and that complete preemption may exist. Hence, in accordance with 28 U.S.C.A. § 1441(b) the instant case shall be removed to this Court.

Further, the State Court is forewarned that the filing of a Notice of Removal together with proper notice to adverse parties and to the Clerk of the State Court will effect the removal. From this moment on "the State court shall proceed no further unless and until the case is remanded". 28 U.S.C.A. §1446(d); Polyplastics Inc. v. Transconex Inc., 713 f.2d 875 (1st Cir. 1983). The removal of the claim automatically stays State proceedings. Therefore, post removal proceedings at the State Court are void. Polyplastics Inc. v. Transconex Inc., at 880.

The Court hereby **GRANTS** the Defendant's *Notice of Removal* (Docket No. 1). The Clerk of the Court is **INSTRUCTED** to notify this Order to the Plaintiff's counsel via Certified Mail and Return Receipt to the following address: Octavio J. Capo Perez, ESQ., P.O. Box 173, Mercedita, Ponce, Puerto Rico, 00715-0173. Further, the Court **GRANTS** the Plaintiffs until the **15th day of September 2005** to appear before this Court with a counsel dully admitted to this Bar. **Plaintiffs' failure to appear within the deadline provided may be deemed by the Court as lack of interest in vindicating its rights and may result in the dismissal of the instant complaint.** Finally, the Defendant is **ORDERED** to file copy of this Order at the Puerto Rico Court of First Instance, Superior Part of Ponce (Civil No. JAC 2005-0580) . An Initial Case Management and Scheduling Conference shall be scheduled promptly after the Plaintiff's appearance before this Court.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 15TH day of August 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE